UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
COLLIE WARE,

                      Plaintiff,

    -against-

THE CITY OF NEW YORK,
EUGENIO BUXO (TAX 948313),
PURSHOTAM PERSAUD (TAX 937281),
and MANOLIN MOLINA (TAX 936051),

                      Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**SECOND AMENDED COMPLAINT**

14-cv-03837 (JGK)

**PLAINTIFF DEMANDS A TRIAL BY JURY**

       Plaintiff Collie Ware, by his attorneys, Reibman & Weiner, hereby files this Second Amended Complaint, and alleges, upon information and belief, as follows:

### PARTIES, VENUE and JURISDICTION

       1.     At all times hereinafter mentioned, plaintiff Collie Ware was an adult male resident of Bronx County, in the State of New York.

       2.     At all relevant times hereinafter mentioned, defendant City of New York was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD"), and their employees.

       3.     At all relevant times hereinafter mentioned, defendant Eugenio Buxo (Tax No. 948313), was an adult male employed by the City of New York as a member of the NYPD assigned to the Housing Bureau PSA 7 and with the rank of Police Officer. Defendant Buxo is sued herein in his official and individual capacities.

1

4. At all relevant times herein after mentioned, defendant Purshotam Persaud (Tax No. 937281) was an adult male employed by the City of New York as a member of the NYPD assigned to Housing Bureau PSA 7 and with the rank of Sergeant. Defendant Persaud is sued herein in his official and individual capacities.

5. At all relevant times herein after mentioned, defendant Manolin Molina (Tax No. 936051) was an adult male employed by the City of New York as a member of the NYPD assigned to Housing Bureau PSA 7 and with the rank of Police Officer. Defendant Molina is sued herein in his official and individual capacities.

6. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983.

7. Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq. in the Southern District of New York, where the plaintiff and defendant City of New York reside, and where the majority of the actions complained of herein occurred.

8. On August 1, 2013, plaintiff timely served a Notice of Claim on the municipal defendant.

9. On May 15, 2014, plaintiff entered a stipulation with defendant City of New York allowing plaintiff to "commence an action against the City on the above claim within the applicable statute of limitations period prior to the City conducting a hearing or physical examination of claimant pursuant to 50-h." The stipulation is attached as Exhibit A.

10. Accordingly, plaintiff complied with all conditions precedent to commencing an action under state law.

11. This action was initiated within one year of the happening of the events of

which plaintiff complains.

## RELEVANT FACTS

12. On May 31, 2013 (the "date of the arrest"), at approximately 2:00 a.m., plaintiff Collie Ware was present inside of 980 Trinity Avenue, Apartment 2D, Bronx County, City and State of New York (the "scene of the arrest").

13. Defendant Buxo and his partner, Officer Alexis Vasquez, arrived at the scene of the arrest in response to a 911 call.

14. Sometime after the arrival of Officers Buxo and Vasquez, defendants Persaud, Molina, and two other police officers arrived at the scene of the arrest.

15. Plaintiff was arrested and placed in handcuffs.

16. Plaintiff never attempted to resist arrest, or to evade arrest by fleeing.

17. Plaintiff did not pose a threat to the safety of the officers.

18. After plaintiff was placed in handcuffs, one of the defendants, believed to be defendant Molina, punched plaintiff in the mouth.

19. Plaintiff was handcuffed, defenseless, and completely compliant when the defendant, believed to be defendant Molina, punched him.

20. One or more of the defendants dragged plaintiff out of the apartment and down the stairwell to the first floor of the apartment building.

21. One or more of the defendants threw plaintiff to the ground outside the apartment building.

22. One or more of the defendants then placed plaintiff inside the back of a patrol vehicle.

23. While plaintiff was inside the back of the vehicle, one of the defendants, believed to be defendant Persaud, struck plaintiff's head several times with a nightstick.

24. Plaintiff was handcuffed, defenseless, and completely compliant when the defendant, believed to be defendant Persaud, struck him several times with the nightstick.

25. At no time during his arrest did plaintiff engage in any violent or threatening behavior to the police officers. Plaintiff complied with defendants' requests and never attempted to resist arrest.

26. Plaintiff was taken to a local area precinct believed to be PSA 7 where he was held for about thirty minutes before an ambulance arrived to treat plaintiff for the injuries he sustained at the hands of the defendants.

27. Plaintiff remained in the custody and control of the defendants, but was taken from PSA 7 to the emergency room of Lincoln Hospital to receive further treatment for the injuries sustained by the defendants' beating of plaintiff.

28. Specifically, plaintiff received three staples to his head.

29. Plaintiff was then taken back to PSA 7 where he was held for several hours before he was taken to Bronx County Central Booking where he was held for several more hours.

30. Upon information and belief, while at PSA 7, members of the Internal Affairs Bureau spoke to plaintiff regarding the incident and took pictures of his injuries.

31. After being held at Central Booking for several hours, plaintiff was eventually arraigned on a criminal complaint containing false allegations sworn to by defendant Buxo.

32. Specifically, defendant Buxo falsely alleged that as he "was effectuating a lawful arrest .... [plaintiff] flailed his arms, pushed [defendant Buxo's] arms away, and twisted his body in an attempt to avoid being handcuffed."

33. Defendant Buxo further falsely alleged that "after [plaintiff] was placed in handcuffs, [plaintiff] attempted to strike fellow officers with his feet."

34. Defendant Buxo further falsely alleged that plaintiff "attempted to strike fellow officers with [plaintiff's] head."

35. Plaintiff made several appearances in court before the criminal charges against plaintiff were dismissed pursuant to an adjournment in contemplation of dismissal.

36. At no time did the defendants have sufficient legal cause to utilize any level of force against plaintiff, much less the amount of force actually employed, nor was there a reasonable basis for defendants to believe that such cause existed.

37. At no time did any of the defendants take any steps to intervene in, prevent, or otherwise limit the unlawful and unconstitutional conduct of the other defendants.

38. At all times relevant herein, the defendants were acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

## FIRST CAUSE OF ACTION
## FOR EXCESSIVE FORCE PURSUANT TO 42 U.S.C. SECTION 1983
## <u>AGAINST DEFENDANTS BUXO, PERSAUD, AND MOLINA</u>

39. Plaintiff repeats the allegations contained in each of the foregoing paragraphs as though stated fully herein.

40. At no time did defendants have any legal basis for using physical force against plaintiff, nor was there any reasonable basis to believe said conduct set forth herein was lawful, reasonable, or otherwise appropriate.

41. Defendants willfully and intentionally subjected plaintiff to physical force in excess of what was reasonable under the circumstances and caused plaintiff to suffer physical injuries, and did so without a reasonable basis to believe that such conduct was appropriate, reasonable, lawful, or necessary.

42. Defendants either participated in the excessive force against plaintiff or failed to intervene on plaintiff's behalf.

43. By so doing, defendants, individually and collectively, subjected plaintiff to excessive force, and thereby violated, conspired to violate, and aided and abetted in the violation of plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

44. By reason thereof, defendants have violated 42 U.S.C. § 1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, and the loss of his constitutional rights.

## SECOND CAUSE OF ACTION
## FOR DENIAL OF FAIR TRIAL PURSUANT TO 42 U.S.C. SECTION 1983
## AGAINST DEFENDANT BUXO

45. Plaintiff repeats the allegations contained in each of the foregoing paragraphs as though stated fully herein.

46. Defendant Buxo created false information by making false statements in the criminal complaint.

47. That false information was forwarded to the prosecutor.

48. Plaintiff was deprived of liberty as result of this false information.

49. Defendant Buxo thereby denied plaintiff's constitutional right to a fair trial and violated plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

50. By reason thereof, defendant Buxo has violated 42 U.S.C. § 1983 and caused plaintiff to suffer mental anguish, the deprivation of liberty, and the loss of his constitutional rights.

## THIRD CAUSE OF ACTION
## FOR VIOLATION OF 42 U.S.C. § 1983 AGAINST
## THE CITY OF NEW YORK

51. Plaintiff repeats the allegations contained in each of the foregoing paragraphs above as though stated fully herein.

52. Defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within and/or over the NYPD.

53. Defendant had actual or constructive knowledge that there was inadequate supervision over and/or within the NYPD with respect to its members' abuse of their authority, use of excessive force, abuse of arrest powers, and other blatant violations of the United States Constitution and the rules and regulations of the NYPD. Despite ample notice of inadequate supervision, defendants took no steps to ensure that reasonable and appropriate levels of supervision were put in place to reasonably ensure that NYPD members engaged in police conduct in a lawful and proper manner, including their use of their authority as law enforcement officers with respect to the general public, including, and specifically, the plaintiff herein.

54. The defendant City of New York deliberately and intentionally chose not to take action to correct the chronic, systemic, and institutional misuse and abuse of police authority by its NYPD employees, and thereby deliberately and intentionally adopted, condoned, and otherwise created through deliberate inaction and negligent supervision, an NYPD policy, practice, and custom of utilizing illegal and impermissible searches, arrests, and detentions, and the manufacturing of evidence, in the ordinary course of NYPD business in flagrant disregard of the state and federal constitutions, as well as the Patrol Guide, up to and beyond the plaintiff's

arrest.

55. All of the acts and omissions by the individual defendants described above were carried out pursuant to overlapping policies and practices of the municipal defendant in their capacities as police officers and officials pursuant to customs, policies, usages, practices, procedures and rules of the City and the NYPD, all under the supervision of ranking officers of the NYPD

56. The aforementioned customs, practices, procedures, and rules of the City and the NYPD include, but are not limited to, the following unconstitutional practices:

   a. Using excessive force on individuals, including but not limited to those who have already been handcuffed;

   b. Failing to supervise, train, instruct and discipline police officers and encouraging their misconduct;

   c. Discouraging police officers from reporting the corrupt or unlawful acts of other officers;

   d. Retaliating against officers who report police misconduct; and

   e. Failing to intervene to prevent the above-mentioned practices when such intervention is reasonably available.

57. The municipal defendant has not only tolerated, but actively fostered a lawless atmosphere within the NYPD and that the City of New York was deliberately indifferent to the risk that the inadequate level of supervision would lead to the violation of individuals' constitutional rights in general, and caused the violation of plaintiff's rights in particular.

58. By reason thereof, defendant has violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of his constitutional rights.

## FOURTH CAUSE OF ACTION
## FOR ASSAULT AND BATTERY PURSUANT TO STATE LAW
## AGAINST DEFENDANTS CITY OF NEW YORK, BUXO, PERSUAD, AND MOLINA

59. Plaintiff repeats the allegations contained in each of the foregoing paragraphs as though stated fully herein.

60. Plaintiff was subjected to assault, battery, and excessive force by the defendants.

61. At no time did the individual defendants have any legal basis for using physical force against plaintiff, nor was there any reasonable basis to believe said conduct set forth herein was lawful, reasonable, or otherwise appropriate.

62. The individual defendants willfully and intentionally subjected plaintiff to physical force in excess of what was reasonable under the circumstances and caused plaintiff to suffer physical injuries.

63. The individual defendants either participated in the excessive force against plaintiff or failed to intervene on plaintiff's behalf.

64. Defendants were acting within the scope of their employment, and their acts were done in furtherance of City of New York's interests.

65. The defendants, including City of New York, are therefore liable under New York law to plaintiff for the state torts of assault and battery.

66. By reason thereof, defendants have caused plaintiff to suffer emotional and physical injuries and mental anguish.

WHEREFORE, the plaintiff demands judgment against defendants jointly and severally as follows:

    i.    On the First Cause of Action, damages in a substantial sum of money against the individual defendants in an amount to be determined at trial;

    ii.    On the First Cause of Action, punitive damages in a substantial sum of money against the individual defendants in an amount to be determined at trial;

    iii.    On the Second Cause of Action, damages in a substantial sum of money against the individual defendant in an amount to be determined at trial;

    iv.    On the Second Cause of Action, punitive damages in a substantial sum of money against the individual defendant in an amount to be determined at trial;

    v.    On the Third Cause of Action, damages in a substantial sum of money against City of New York in an amount to be determined at trial;

    vi.    On the Fourth Cause of Action, damages in a substantial sum of money against the individual defendants in an amount to be determined at trial;

    vii.    On the Fourth Cause of Action, punitive damages in a substantial sum of money against the individual defendants in an amount to be determined at trial;

    viii.    On the Fourth Cause of Action, damages in a substantial sum of money against City of New York in an amount to be determined at trial;

    ix.    Statutory attorney's fees pursuant to, <u>inter alia</u>, 42 U.S.C. § 1988 and New York common law, as well as disbursements, and costs of this action; and

    x.    such other relief as the Court deems just and proper.

Dated: Brooklyn, New York
       April 28, 2017

By:   /s/
James Sanborn (JS-4011)
Reibman & Weiner
26 Court Street, Suite 1808
Brooklyn, New York 11242
Tel.: (718) 522-1743
*Attorneys for Plaintiff*